UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CORINE CARR,<br><br>          Plaintiff,<br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant. | No. 3:12 - CV - 372 (CSH)<br>No. 3:12 - CV - 373 (CSH)<br>No. 3:12 - CV - 374 (CSH)<br>No. 3:12 - CV - 375 (CSH)<br>No. 3:12 - CV - 376 (CSH)<br>No. 3:12 - CV - 377 (CSH)<br>No. 3:12 - CV - 378 (CSH) |

**CONSOLIDATED RULING**

HAIGHT, Senior District Judge:

**I.      BACKGROUND**

Pending before the Court are the seven actions captioned above in which plaintiff Corine Carr proceeds *pro se* and requests permission to proceed *in forma pauperis*. Upon close review of each Complaint, the Court has determined that each action must be deemed "frivolous" in that it "lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). *See also* 28 U.S.C. § 1915(e). Moreover, as set forth below, due to numerous, previous, similar, and meritless filings within this District, plaintiff has been banned from filing any complaints, petitions, or other pleadings in this District without judicial approval. Because the present claims once again present no viable claims, the Court shall dismiss all seven actions with prejudice.

1

## II.    DISCUSSION

### A.    Mandatory Dismissal under 28 U.S.C. § 1915(e)

Whenever a plaintiff requests to proceed *in forma pauperis*, the Court must conduct an initial screening to determine whether the Complaint sets forth any viable claims. Section 1915, the very statute that authorizes a court to grant *in forma pauperis* status, also protects against abuses of that privilege. Section 1915(e) thus mandates that the Court "shall dismiss the case at any time if the court determines that . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[1]  28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see, e.g., Johnson v. U.K. Government*, No. 3:07-CV-106 (JCH), 2007 WL 4522458, at *1 (D. Conn. Dec. 18, 2007) ("When a plaintiff proceeds *in forma pauperis*, his lawsuit is subject to dismissal 'at any time if the court determines . . . that the action is frivolous or malicious,' 28 U.S.C. § 1915(e)(2)(B)(i), or if the court determines that the lawsuit 'fails to state a claim upon which relief may be granted.'") (citations omitted).

An action is considered "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).  *See also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (court may dismiss a claim as factually frivolous "if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional") (internal

---

[1] A complaint is deemed "frivolous" under § 1915 if it "lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

citations and quotation marks omitted). "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Id.*

A claim is based on an "indisputably meritless legal theory" when either the claim lacks an arguable basis in law, *Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990) (*per curiam*), or a dispositive defense clearly exists on the face of the complaint, *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir.1995). In reviewing a complaint to determine whether it states a viable claim, the court "accept[s] as true all factual allegations in the complaint" and draws inferences from these allegations in the light most favorable to the plaintiff. *Cruz* v. *Gomez,* 202 F.3d 593, 596 (2d Cir. 2000) (citing *King v. Simpson*, 189 F.3d 284, 287 (2d Cir.1999)). Dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is then only appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cruz,* 202 F.3d at 597 (internal quotation marks and citation omitted). A district court is duty bound to dismiss the complaint upon reaching the conclusion that it fails to state a claim upon which relief may be granted. *Id.* at 596 (§ 1915(e) provides that "dismissal for failure to state a claim is mandatory").

Analyzing plaintiff's seven pending Complaints, the Court finds that each one lacks an arguable basis in law and fact. First, as three other Judges within this District have previously noted, all of plaintiff's cases involve allegations of physical harm and emotional distress caused by shock forces and other unusual phenomena occurring either at United States Postal Service facilities or in the presence of a postal carrier or mail delivery truck. *See, e.g.*, *Carr v. United States*, No. 3:11cv1438 (PCD) ("Consolidated Ruling" on seven actions), Doc. #4, p. 2; *Carr v. United States*, No. 3:09-cv-44 (JCH), 3:09-cv-131 (JCH), 3:09-cv-137 (JCH), 3:09-cv-138 (JCH), 3:09-cv-144 (JCH), 3:09-cv-147(JCH), 2009 WL 320332, at * 2 (D. Conn. Feb. 5, 2009); *Carr v. United States*,

3:02-cv-2100 (DJS), 2004 WL 2381554, at *1 (D. Conn. Oct. 7, 2004).

In each case at bar, the facts alleged rise to the level of the irrational or the wholly incredible.[2] For example, in Case No. 3:12-cv-372 (CSH), plaintiff alleges that a mail truck emitted a "frictional energetic energy" that "forcefully struck the front left side of [her] house and the interior of [her] house and [her] back" while she "was sitting in a chair on the second level of [her] house." Doc. #1, p. 3. Moreover, in Case No. 3:12-cv-373 (CSH), plaintiff alleges that a "female mail delivery person stepped onto [her] front porch" and "inflicted energetic energy" upon her body, thereby sending "a shock signal force into [her] groin;" Doc. #1, p. 4. In Case No. 3:12-cv-374 (CSH), plaintiff asserts that while conducting "mailing business" at the United States Post Office on Brewery Street in New Haven, "energetic energy frictional shock forces . . . projected, thrusted [sic] and jutted out and away from" the office space "located in back of the postal service clerks' work stations, and forcibly and powerfully struck [plaintiff's] head, face, groin, thighs, legs and feet." Doc. #1, p. 4. Allegations regarding energy forces emanating from Postal Service employees, vehicles, and buildings, thereby shocking and injuring plaintiff, also pervade the remaining four cases.[3]

---

[2]As both Judge Hall and Judge Dorsey previously noted when reviewing prior complaints filed by plaintiff, the Court recognizes that plaintiff has admitted to receiving psychiatric treatment. *See Carr v. United States,* No. 3:11cv1438 (PCD), Doc. #4, p. 2 (Dorsey, J.) ("Plaintiff has admitted to receiving psychiatric treatment" and "the United States represented that the Plaintiff suffers from paranoid schizophrenia"); *Carr v. United States*, 2007 WL 201243, at *2 (Hall, J.) ("Carr has been diagnosed as suffering from paranoid schizophrenia and is under the care of a psychiatrist.") (citation omitted).

[3]*See* Complaint in Case No. 3:12-cv-375 (CSH), Doc. #1, p. 4 (alleging postal worker stared at plaintiff's face and projected an energetic force that struck her body and damaged her right ear); Complaint in Case No. 3:12-cv-376 (CSH), Doc. #1, p. 4-7 (claiming that an unforeseen force from the "heavily waxed" floor of the Brewster Street Post Office caused plaintiff's "right foot to be forcefully, and powerfully, suddenly and abruptly slided [sic]

4

As Judge Janet Hall aptly described when reviewing six of plaintiff's prior complaints:

> These allegations are too fantastic to be believed. Even keeping in mind the aphorism that truth is often stranger than fiction, the court cannot find that Carr's claims have any base in law or fact.

*Carr v. United States*, 2009 WL 320332, at * 5. Once again, plaintiff has filed a series of complaints containing allegations which range from incredible to fantastical. The Court has no option but to dismiss these Complaints as "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). Moreover, because these actions are frivolous, based upon wholly incredible facts, they also clearly fail to state claims upon which relief may be granted. *Id.* § 1915(e)(2)(B)(ii).

### B. Filing Ban in the District of Connecticut

Furthermore, due to plaintiff's extensive history of filing similar "frivolous" complaints in this District, Judge Peter Dorsey saw fit to prohibit plaintiff, by Order, from making future submissions in this District without the Court's prior permission.[4] In his "Consolidated Ruling

---

forwardly," thereby causing plaintiff to experience stinging and prickly pain and to have a "troubled and worried" mind that she would be "knocked unconscious in a known to be hostile environment"), Complaint in Case No. 3:12-cv-377 (CSH), Doc. #1, p. 4, 7 (alleging that signal forces "violently gushed and poured out from underneath [a Postal Service] truck" on Dixwell Avenue, Hamden, and such "shock signal action forces" struck plaintiff in the "groin as the truck driver stared fixedly" at her); and Complaint in Case No. 3:12-cv-378 (CSH), Doc. #1, p. 4 (claiming, *inter alia*, that a postal service truck on Goodyear Street, New Haven, emitted a "crackly noise" and "signal force" that "thrust away from that truck engine and hood area over onto the sidewalk" where plaintiff was walking and "violently and forcefully struck [her] right eye, ears, face, noise [sic] and head" and caused "excruciating" and "irritating" pain in her body and skin).

[4]In her seven pending actions, plaintiff admits that she has filed at least thirteen other actions in this District. *See* Doc. #1, p. 11, ¶ 2 (list of "other lawsuits [plaintiff filed] in this court in the last ten (10) years"); *see also Carr v. United States*, No. 3:11-cv-01438 (PCD), Doc. #4, p. 3-4 (collecting Carr cases in this District since 2001). All of these actions have been against the United States of America, making similar allegations about the United States Postal Service and its employees. Each action was dismissed as "frivolous" or failing to state a viable

Pursuant to 28 U.S.C. § 1915" in *Carr v. United States*, No. 3:11-cv-01438 (PCD), Judge Dorsey dismissed a series of seven actions by plaintiff with prejudice and explicitly held:

> **Plaintiff shall be prohibited from filing any further complaints, petitions, or other pleadings in the United States District Court for the District of Connecticut without first obtaining leave to do so.**

*Carr v. United States,* No. 3:11-cv-01438 (PCD), 3:11-cv-01439 (PCD), 3:11-cv-01440 (PCD), 3:11-cv-01441 (PCD), 3:11-cv-01442 (PCD), 3:11-cv-01443 (PCD), 3:11-cv-01444 (PCD), Doc. #4 (filed Oct. 11, 2011), p. 8 ("Sanctions") (emphasis added). He further ordered:

> The Clerk is further directed not to accept for filing any complaints, petitions, or other pleadings submitted by the Plaintiff without prior approval of a judge of the Court. In the event a future complaint or action is determined to be similarly frivolous, the complaint shall be dismissed with prejudice by summary order citing to this ruling.

*Id. See also Carr v. United States*, Nos. 3:09-cv-44 (JCH), 3:09-cv-131 (JCH), 3:09-cv-137 (JCH), 3:09-cv-138 (JCH), 3:09-cv-144 (JCH), 3:09-cv-147 (JCH), 2009 WL 320332, at *6 (D. Conn. Feb. 5, 2009) ("Consolidated Ruling") (dismissing six actions and advising that "Carr is cautioned that since her repeated filings relate to similar facts and issues . . . all of which have been found to be without merit, further filings of any complaint, petition, or proceeding alleging claims substantially similar to [those dismissed] may result in the issuance of an order prohibiting her from filing any future lawsuits in this court without first obtaining leave of the court").[5]  Given the similarly

---

claim.

[5] Judge Hall further ordered that plaintiff "must annex a copy of this Ruling to any complaint, petition, or pleading she seeks to file in the United States District Court for the District of Connecticut henceforth." 2009 WL 320332, at *6. Moreover, Judge Hall warned that failure to abide by the terms of her Ruling "could result in the imposition of sanctions." *Id.*

For additional prior meritless cases filed by Carr, *see also Carr v. United States*, No. 3:05-cv-1474 (JCH), 2007 WL 201243, at *2 (D. Conn. Jan. 22, 2007) (granting summary

incredible allegations set forth in the seven actions currently before this Court, I must deny plaintiff's request to proceed with her actions and thus dismiss each action with prejudice.

Plaintiff is once again advised that, pursuant to Judge Dorsey's Ruling, fully endorsed by this Court, plaintiff may not file any further complaints, petitions, or other pleadings in the United States District Court for the District of Connecticut without first obtaining leave to do so. *See Carr*, No. 3:11-cv-01438 (PCD), Doc. #4, p. 8. *See also Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing 'vexatious, harassing or duplicative lawsuits,' courts may impose sanctions, including restrictions on future access to the judicial system.") (internal quotations and citations omitted). Henceforth, if plaintiff attempts to make such a filing without the Court's permission, the Clerk is directed to return it to her immediately.[6]

---

judgment, dismissing claims brought by Carr alleging "she felt 'shocks' and heard voices while a customer on the premises of the U.S. Post Office's Dixwell Avenue branch in Hamden, CT, and the U.S. Post Office's Brewery Street branch in New Haven, CT"); *Carr v. United States*, No. 3:02-cv-2100 (DJS), 2004 WL 2381554, at *1-4 (D. Conn. Oct. 7, 2004) (granting summary judgment on claims by Carr in which she alleged, *inter alia*, "shocks and currents in her genital area, pelvis and right hip" at the Hamden Post Office). Both Judges Hall and Squatrito held that in each aforementioned action, plaintiff failed to meet her burden of proof with respect to her claims.

[6]"It is well established that a court is ordinarily obligated to afford a special solicitude to *pro se* litigants." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (citing, *inter alia, Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir.2006); *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir.1988)). The Court is thus mindful of its duty to review a *pro se* litigant's complaint with leniency.

"Although a *pro se* litigant should generally be granted leave to amend his complaint 'when a liberal reading of the complaint gives any indication that a valid claim might be stated,' *Shomo v. City of N.Y.*, 579 F.3d 176, 183 (2d Cir.2009) . . . , leave to amend need not be granted where amendment would be 'futile,' *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir.2003)." *United States v. Brow*, No. 10–1908–cv, 2012 WL 75361, at *2 (2d Cir. Jan. 11, 2012). *Accord Pangburn v. Culbertson*, 200 F.3d 65, 70-71 (2d Cir. 1999) ("futility is a valid reason for denying a motion to amend . . . where it is beyond doubt that the plaintiff can prove no set of facts in

7

## III. CONCLUSION

The Court notes with compassion that plaintiff has received treatment for the psychiatric condition of paranoid schizophrenia. *See* n.2, *supra.* The Court further acknowledges that plaintiff has a continuing belief that she is afflicted by mysterious forces emanating from the United States Postal Service and its employees and vehicles. Nonetheless, this Court is bound by the governing statute and the decisions of appellate courts. This Court is therefore prohibited from allocating its resources to adjudicating claims which are clearly "frivolous," lacking an arguable basis in law and fact. The Court has no option but to order that plaintiff's seven captioned actions are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e) and as mandated by the filing ban Judge Dorsey imposed on October 11, 2011, in response to plaintiff's numerous, previously-filed, meritless actions in this District.

**Plaintiff is once again instructed not to file any further complaints, petitions, or other pleadings in the United States District Court for the District of Connecticut without first obtaining leave to do so.** Judgment shall enter for defendant in all seven cases. The Clerk is directed to mail a copy of this Ruling to plaintiff and close the files.

It is SO ORDERED.

Dated: New Haven, Connecticut
        March 19, 2012

                                            */s/Charles S. Haight, Jr.*
                                            Charles S. Haight, Jr.
                                            Senior United States District Judge

---

support of its amended claims"). In the cases at bar, plaintiff's claims are so wholly incredible that no redraft will make them viable.